### NIEURY vs. O'HARA.

To maintain a bill of discovery in aid of a defence at law, the plaintiff must state a case which, if established, would constitute a good defence at law ; and he must then state some fact, material to such defence, which he wishes to establish by the confession of the defendant.

The refusal of a court of law to allow a defendant a further bill of particulars of the plaintiff's demand, will not authorize such defendant to file a bill of discovery in a court of equity, as to the grounds of the suit at law; where the bill shows no right to any discovery, and sets forth no matter material to the defence at law.

A mere fishing bill, the sole object of which is to ascertain the grounds upon which the defendant has thought fit to commence an action at law against the plaintiff, will not be sustained.

IN EQUITY. This was a motion to dissolve an injunction staying proceedings in an action at law, granted upon filing a bill of discovery. The defendant had commenced against the plaintiff two suits in the New-York superior court; one in trover, the other in assumpsit. The declaration in the former action showed that the plaintiff's claim in that suit was for the conversion of three pagaris, or promissory notes, made in the island of Porto Rico, amounting to about $7000. In the latter action, the declaration contained merely the common money counts ; and in a bill of particulars furnished in that suit, the plaintiff claimed to recover, under the common counts, $7000 for money had and received by the defendant, for the use of the plaintiff, and the like sum for money lent by the plaintiff to the defendant. An application by the defendant to the superior court for a further bill of particulars was denied. The defendant then filed his bill of discovery, in which, after stating these facts, he alleged that, while he supposed both suits to have been brought for the same cause of action, he had no *legal certainty* of the fact, and was thereby prevented, Firstly, from pleading the pending of the action of trover as a defence to the action of assumpsit ; Secondly, from moving to compel the plaintiff to elect to discontinue one or the other of his ac-

Nieury v. O'Hara.

tions; and Thirdly, from properly preparing himself to disprove the claim, if in truth it is for some other cause of action than that stated in the first declaration. And he therefore prayed for a discovery of the real and true particulars of the plaintiff's claim and demand against him in the action of assumpsit.

*Theodore Sedgwick,* for the defendant.

*A. D. Logan,* for the plaintiff.

HARRIS, J. The substance of the plaintiff's bill is that he has been sued by the defendant in an action of assumpsit; that although he has diligently invoked the aid of the court in which the suit is brought, he has been unable to ascertain for what he has been sued, and therefore, that he may know beforehand, he asks a discovery of the plaintiff's real cause of action. In other words, he asks this court to furnish him with the means of obtaining from the defendant, what the superior court refused to allow him, a further bill of the particulars of the plaintiff's demand. It is not easy to see why the court, in which the action is pending, refused such further bill; but such refusal can form no ground for the interference of this court. The bill shows no right to any discovery. It sets forth no matter material to a defence at law, but merely seeks a discovery of the grounds of the suit at law. It is a well settled rule that to maintain a bill of discovery in aid of a defence at law, the plaintiff in the bill must state a case, which if established, would constitute a good defence at law; and then state some fact material to such defence, which he wishes to establish by the confession of the defendant. (*Story's Eq. Pl.* §§ 319, 325. *Newkirk* v. *Willett,* 2 *Caines' Ca. in Er.* 296. *Williams* v. *Harden,* 1 *Barb. Ch. Rep.* 298.)

But I do not understand the plaintiff as insisting upon a discovery of any particular state of facts, which may be used in establishing a defence to the action at law. On the contrary, he asks for a discovery of "the real and true particulars of the

plaintiff's claim or demand," so that if it shall appear upon obtaining such discovery, that both suits are in fact brought for the same cause of action, he may avail himself of that fact, either by a plea or a motion to compel the defendant to elect which of the actions he will prosecute. Or, if it shall appear that the two suits are brought upon different causes of action, that then he may prepare himself to disprove the claim made against him. In short, it is a mere fishing bill, the sole object of which is to ascertain the grounds upon which the defendant has thought fit to commence an action at law. To sustain such a bill, would be going greatly beyond the limits within which courts of equity have confined themselves, in granting a discovery to aid the prosecution or defence of an action at law. The motion to dissolve the injunction must, therefore, be granted with costs.(a.)

(a) See *Deas* v. *Harvie*, (2 *Barb. Ch. Rep.* 448.)

SAME TERM.    *Before the same Justice.*