### N. Y. COMMON PLEAS.

#### McCoon agt. WHITE.

*Examination of parties before trial — requisites of an application by defendant for the examination of plaintiff where the suit is upon a promissory note — Code of Civil Procedure, sections 872, 873.*

It was a well settled rule that the complainant in a bill of discovery must show a good cause of action or a good defense. This is still an indispensable requisite of an application for the examination of an adversary.

Whilst there is no reason for introducing the unwarranted and unwarrantable rule that a party who seeks to examine his adversary before trial must swear that he intends to introduce the examination as evidence on the trial, it is eminently proper to adhere to the equity practice which required the party seeking a discovery to state that he expected to prove by the examination the facts which he alleges to lie peculiarily within the knowledge of the person whom he seeks to examine.

In an action on a promissory note where the defendant seeks to examine the plaintiff before answer the affidavit is defective, in that it does not state that the defendant expects to prove that the note in suit was not, either before it matured or at the time of its maturity, in the hands of one who could have collected it from the defendant, and that it came after its maturity into the hands of the defendant.

The affidavit is also defective where, admitting everything it alleges, it does not show that the defendant has a defense.

*Special Term, December,* 1880.

VAN HOESEN, *J.* — The affidavit of the defendant is defective in this, that it does not state that the defendant expects to

McCoon agt. White.

prove that the note in suit was not, either before it matured or at the time of its maturity, in the hands of one who could have collected it from the defendant, and that it came after its maturity into the hands of the plaintiff. While there is no reason for introducing the unwarranted and unwarrantable rule that a party who seeks to examine his adversary before trial must swear that he intends to introduce the examination as evidence on the trial, it is eminently proper to adhere to the equity practice which required the party seeking a discovery to state that he expected to prove by the examination the facts which he alleges to lie peculiarily within the knowledge of the person whom he seeks to examine (*Primmer* agt. *Patten*, 32 *Ills.*, 528; *Barbour's Chancery Prac.* [*2d ed.*], *vol. 2, marginal page* 106, *note* 20). The affidavit is also defective because, admitting everything it alleges, it does not show that the defendant has a defense. It would not constitute a defense that the note was given for the accommodation of the payee, and that it came after maturity into the hands of the plaintiff, who parted with no value when he received it. Suppose that the note when it matured, or previously to that time, was in the hands of a *bona fide* holder, what defense would the defendant then have conceding the truth of everything he states? It was a settled rule that the complainant in a bill of discovery must show a good cause of action or a good defense. This is still an indispensable requisite of an application for the examination of an adversary (*Williams* agt. *Harden*, 1 *Barb. Ch.*, 298). The motion for the examination of the plaintiff must be dismissed, with ten dollars costs, but with leave to renew on further papers, and the defendant's time to answer will be extended twenty days.