NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY CO. *v.*
T. S. JENKINS & SONS.*

(*Jackson.*   April Term, 1927.)

Opinion filed July 19, 1927.

1. **JURISDICTION.   Equity.   Injunction.**

Chancery Court is without jurisdiction to enjoin a suit at law merely because as a defendant in action against it for tort the complainant was unable to obtain a definite and itemized statement of the damages claimed by the defendant as a plaintiff in the lawsuit.   (Post, p. 607.)

2. **SAME.   Same.   Law.**

The jurisdiction of a court of law cannot be ousted and an accounting ordered in equity merely because there are several items in the account.   (Post, p. 608.)

Citing: Pearl v. Nashville, 18 Tenn. (10 Yerg.), 179; 1 C. J., 620.

3. **SAME.   Same.   Accounting.**

Former rule that an account would not be ordered in equity where the claims were all one one side has since been modified so as to permit such a bill to be maintained, but the matter must be complicated.   (Post, p. 608.)

Citing: Pearl v. Nashville, 18 Tenn. (10 Yerg.), 179; Taylor v. Tompkins, 49 Tenn. (2 Heisk.), 89; 1 C. J., 619.

4. **SAME.   Same.   Tort.**

A Court of equity will not decree an accounting in a case of tort in the absence of any fraud.   (Post, p. 608.)

Citing: 1 C. J., 625.

5. **SAME.   Same.   Same.**

The suit sought to be enjoined was an action of trespass on the case to recover damages alleged to have accrued by reason of negligence in reconstructing railroad tracks.   There was no privy,

---

*As to equity jurisdiction over matter of account, see 10 R. C. L., pp. 355, 356; 2 R. C. L. Supp., 1006; 5 R. C. L. Supp., 552; 6 R. C. L. Supp., 608.

no account between the parties. **Held**: The law court could not be ousted of its jurisdiction. (Post, p. 608.)

**6. SAME. Same. Accounting.**

Equity will not entertain a bill to recover damages for the unlawful cutting of timber on the ground of an accounting. (Post, p. 608, 609.)

Citing: U. S. v. Bitter Root Development Co., 200 U. S., 451, 50 L. Ed., 550.

**7. SAME. Same. Discovery.**

Equity will not oust law jurisdiction on ground of discovery merely to enable a party to disprove his adversary's case. The office of such a bill is to enable a complainant to prove his own case. (Post, p. 609.)

Citing: 1 Dan'l Ch. Pl. & Pr., p. 606; Carpenter v. Winn, 221 U. S. 533, 55 L. Ed., 842, 18 C. J., 1059; citing Nieury v. O'Hara, 1 Barb., 484.

**8. SAME. Same. Same.**

Since statute authorizing discovery at law a bill in equity for discovery in aid of a suit at law does not lie. (Post, p. 610.)

Citing: Ducktown Sulphur Co. v. Fain, 109 Tenn. (1 Cates), 56; Thompson's Shannon's Code, sec. 5684.

**9. SAME. Law. Bill of particulars.**

Nature and scope of Bill of Particulars. (Post, p. 610.)

Citing: May v. Illinois, Central Rd., 129 Tenn., 521; Williams v. Chattanooga Iron Works, 131' Tenn., 683.

---

*Headnotes 1. Accounts and Accounting, 1 C. J., section 64; 2. Accounts and Accounting, 1 C. J., section 70; 3. Accounts and Accounting, 1 C. J., section 70; 4. Discovery, 18 C. J., section 4; 5. Discovery, 18 C. J., section 7.

---

FROM CARROLL.

---

Appeal from the Chancery Court of Carroll County.— HON. TOM C. RYE, Chancellor.

John T. Peeler, Wm. S. Evans and Frank Slemmons, for appellant.

Maddos & Maddox, for appellee.

Mr. Justice Green delivered the opinion of the Court.

Jenkins & Son owned a garage near Hollow Rock and dealt in automobile supplies. They brought suit against the Nashville, Chattanooga & St. Louis Railway in the Circuit Court of Carroll County, alleging that, by reason of the re-location of the tracks of that Railway near the place of business of Jenkins & Son the natural drainage of the locality was disturbed and the premises of the plaintiffs was overflowed, to the damage of plaintiffs property some $3500. A plea of not guilty was interposed by the defendant in that suit and later defendant demanded a bill of particulars. The bill of particulars filed by the plaintiffs appears not to have been satisfactory to the defendant, but so far no exceptions have been taken to said bill of particulars in the Circuit Court.

At this stage of the controversy between the parties, the Nashville, Chattanooga & St. Louis Railway filed this bill in the Chancery Court of Carroll County, averring that it was unable to obtain a definite and itemized statement of the damage claimed by Jenkins & Son, asking that the suit at law be enjoined, and a reference ordered and an account taken in the Chancery Court. Jenkins & Son interposed a demurrer to this bill raising the question of the jurisdiction of the Chancery Court to entertain the bill. The demurrer was sustained by the Chancellor and the complainant herein appealed to this Court.

We think the Chancellor was correct in dismissing the bill. We do not see upon what grounds his jurisdiction could have been maintained.

The plaintiffs in the suit at law charged that certain gasoline engines, electric motors, a welding machine, air compressed tank, a gasoline tank, other machinery, tools and a stock of automobile parts and accessories were damaged. They also averred damage to an artesian well in their place and damage by reason of a wet floor.

The jurisdiction of Court of law cannot be ousted and an accounting ordered in equity merely because there are several items in the account. While account is a head of equity jurisdiction, jurisdiction on that ground cannot be invoked if the Court can "perceive no other difficulties . . . than must exist in every case where there are many items to be proved." *Pearl* v. *Nashville*, 18 Tenn. (10 Yerg.), 179, 1 C. J., 620.

It was formerly held that an account would not be ordered in equity where the claims were all on one side. *Pearl* v. *Nashville, supra.* Although the Court has since held that a bill for accounting would lie where the items were all on one side, nevertheless the matter must be complicated to justify the interference of the Chancery Court. *Taylor* v. *Tompkins*, 49 Tenn. (2 Heisk.), 89. Such is the general rule. 1 C. J., 619.

If this were otherwise a proper case for an accounting in equity, we see no such complexity presented as to authorize an injunction against the suit at law.

Moreover it is well settled that a court of equity will not decree an accounting in a case of tort, in the absence of any fraud. 1 C. J., 623. The suit of the plaintiffs in the Circuit Court was an action of trespass on the case to recover damages alleged to have accrued by reason of the negligence of the defendant in that suit in reconstructing its tracks. There was no privity, no account between the parties.

In a case wherein the Government brought a bill in equity to recover damages for the unlawful cutting and removing large quantities of timber from Government lands, the Supreme Court of the United States held that such a bill could not be maintained in equity on the theory that it was a bill for an accounting.  The court said:

"It also argued that court of equity has jurisdiction in such a case as this on the ground of an accounting.  We do not think that this is any such case as gives a court of equity jurisdiction because of an accounting being necessary.  There are no accounts between the parties.  The cause of action is one arising in tort, and cannot be converted into one for an account.  The case made is a plain trespass, for which the defendants are liable in damages.  Or it might be termed an action in trover, as stated.  Whatever books, if any, defendants may have kept, showing the amount and location of the timber cut and its value, can be perfectly well obtained by an inspection of these books in an action at law.  No discovery is alleged to be necessary in aid of any action at law, although the bill shows that several such actions have in fact been commenced.  The facts averred do not show jurisdiction for the general purpose of discovery." *United States* v. *Bitter Root Development Co.,* 200 U. S., 451, 50 L. Ed., 550.

It is further insisted by the complainant herein that a Court of equity has jurisdiction of this bill as a bill of discovery.  This contention is likewise unsound.  The office of a bill of discovery is to enable the party to prove his own case, not to disprove the case of his adversary.

"The principal upon which the cases proceed is that the right of a plaintiff in equity to the benefit of a defendant's oath is limited to a discovery of such material facts as relate to the plaintiff's case, and does not extend to a discovery of the manner in which, or of the evi-

dence by means of which, the defendant's case is to be established, or to any discovery of the defendant's evidence." 1 Daniel's Ch. Pl. & Pr., p. 606.

"The province of discovery in equity is not to compel a defendant, who is a plaintiff in a suit at law, to disclose in what manner he intends to make out his case at law. The plaintiff in equity is entitled only to the discovery of such matters in the knowledge or possession of the defendant in equity, as will enable him to make out his own case at law." *Carpenter* v. *Winn*, 221 U. S., 533, 55 L. Ed., 842.

"A bill of complaint will not lie in aid of a defendant at law to compel plaintiff at law to furnish a more full bill of particulars which the Court of law has refused to compel." 18 C. J., 1059, citing *Nieury* v. *O'Hara*, 1 Barb., 484.

Furthermore it was distinctly held in *Ducktown Sulphur, etc., Co.* v. *Fain*, 109 Tenn., 56, that, since the enactment of the Statutes carried into Thompson's-Shannon's Code, Sec. 5684, authorizing a discovery at law, a bill in equity for discovery in aid of a suit at law did not lie.

It is doubtless true that the complainant herein will be at a disadvantage as defendant in the suit in the Circuit Court unless a more adequate bill of particulars is filed by the plaintiffs therein. We are satisfied that the Circuit Judge will require a proper bill of particulars upon application. The nature and scope of a bill of particulars has been fully discussed by the Court in *May* v. *Illinois Central R. Co.*, 129 Tenn., 521, and *Williams* v. *Chattanooga Iron Works*, 131 Tenn., 683.

For the reasons stated we think the Chancellor properly dismissed the bill herein and his decree will be affirmed.

COOK, McKINNEY, CHAMBLISS and SWIGGART, JJ., concur.