Keys *et al. v.* Keys.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

Burrow & Burrow, of Bristol, and Vines, Hawkins & Bryant and Price & Price, all of Johnson City, and Smith & Barron, of Jonesboro, for complainants.

SIMMONDS & BOWMAN, of Johnson City, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This bill was filed by collateral heirs of George W. Keys, who died May 23, 1936, against his widow, as a bill of discovery to force the production of a certain paper writing in her possession. The chancellor overruled the demurrer, decreed in favor of the complainants, and the defendant has appealed.

The bill recites that "within a few days after the death of George W. Keys, the defendant undertook to offer for probate and probated a paper alleged to be his last will and testament, leaving to her his entire estate. Your complainants do not admit that this instrument is the last will and testament of the said George W. Keys and reserve the right in a proper proceeding to question the same."

It is further averred that before the defendant undertook to probate the aforesaid instrument, she had a conversation with one of the complainants and stated that her late husband had left with his valuable papers in his private bank box a sealed letter addressed to her (defendant), "containing full and complete instructions," and charging her to take care of and provide for his sisters and close relatives, mentioning at least one of them by name. Other similar statements are ascribed to the defendant respecting this sealed letter and its contents.

Some other matters are set out in the bill tending to show that this sealed letter might have been testamentary in its nature. Complainants state that they have asked the defendant to be permitted to see and read this sealed

letter, and that their attorneys have asked defendant's attorneys that they be allowed to examine the letter, but that defendant and her attorneys have refused these requests and advised ''that they would neither show the letter nor reveal its contents.''

The bill, as amended, continues:

''Your complainants are informed and believe that the aforesaid letter is of great interest and of much value to them; and that they have both a legal and an equitable right to see same and have a copy thereof; that said letter defines their rights to participate in the estate of the said George W. Keys and sets forth their interest in same, or that said letter creates in and of said estate an active trust for their benefit; and they are entitled to have the same set up and administered in their behalf.''

Elsewhere in the bill, this appears:

''Complainants aver further that said letter is testamentary in nature and character, making disposition and giving directions for the control of his property after his death for the benefit of your complainants; is not a matter growing out of the relationship of husband and wife; but is a communication to the defendant to be delivered to her after his death in her capacity as beneficiary, executrix, or trustee of his estate; and does not fall within the category of privileged communications.''

One of the concluding paragraphs of the bill is in these words:

''Without admitting that the said George W. Keys died testate, your complainants aver that, if it should hereafter appear that he did leave a valid will or that the instrument probated by defendant should turn out to be a will, then this letter is in legal effect a codicil to said will, if not an entirely new will within itself.''

█ We take it there is no doubt of the jurisdiction of a court of chancery in Tennessee to compel a discovery of evidence, documentary or otherwise, in aid of a contemplated suit. The statute referred to in *Ducktown Sulphur, etc., Co.* v. *Fain,* 109 Tenn., 56, 70 S. W., 813, and *Nashville C. & St. L. Ry. Co.* v. *T. S. Jenkins & Sons,* 155 Tenn., 605, 296 S. W., 1, 53 A. L. R., 812, which is said in those cases to supersede bills of discovery in equity, relates only to pending suits at law.

The prayer of the bill before us is merely for the discovery of the sealed letter and for general relief.

█ In the foregoing excerpts from the bill it will be observed that complainants carefully avoid a statement of the nature of any suit they propose to bring. We find no authority for decreeing a discovery on a bill of this character.

Surely a bill filed solely for discovery must show a particular suit brought or a particular suit contemplated.

Following Story's Equity Pleading, Gibson's Suits in Chancery, section 1120, lays down the following:

"A bill of discovery in aid of a suit at law, or in aid of a defence to a suit at law, should (1) set out in full the facts of the controversy; (2) should show why and wherein the discovery is necessary, detailing the facts; and, if a suit at law has been begun, (3) should recite the institution of the suit, and the parties thereto, and so show the issues involved that the Court of Chancery can see the materiality of the discovery sought. The bill must state that a suit at law has been brought, or is intended to be brought, and that the discovery is to aid complainant in such suit; and, if such suit is not yet brought, the nature of the controversy, and with whom, must be set

forth with reasonable certainty. . . . If the bill does not show such a case as renders the discovery material to support or defend suit, it is plainly not a case for the interposition of the Court.''

''A discovery is not a matter of course—the complainant must always show himself entitled to it. To do this, it is necessary to allege in the bill, that the facts are material to the plaintiff's case, and that the discovery of them by the defendant, is indispensable as proof.'' *Lindsley* v. *James,* 43 Tenn. (3 Cold.), 477.

In *Whitesides* v. *Lafferty,* 28 Tenn. (9 Humph.), 27, it was held that the fact sought must not only appear material but that it could not be otherwise proven. The last proposition seems to have been disapproved in *Elliston* v. *Hughes*, 38 Tenn. (1 Head) 225, 228, but was reaffirmed in *Lindsley* v. *James, supra.*

Cases from other jurisdictions to the same effect are collected in 18 Corpus Juris, 1067, and 9 Ruling Case Law, 171.

█ How can the court say that evidence sought is material to a proposed suit when the court is not advised of the nature of the suit to be brought?

The complainants expressly decline to admit ''that the said George W. Keys died testate,'' ''and reserve the right in a proper proceeding to question the same.'' Suppose the complainants institute a will contest on the ground of mental incapacity, undue influence, or because the instrument offered for probate was not executed in accordance with statutory requirements, how will the contents of this letter be material to the issues in any such a case? We are not told.

In the absence of an averment that complainants con-

template proceedings to set up the document sought as a will or codicil or other disposition of the property of George W. Keys, a discovery of this paper cannot be decreed material to any action pending or proposed.

For these reasons we think the chancellor erred in overruling the demurrer which challenged the jurisdiction of the court to entertain the bill before us.

Examination of *Lillard* v. *Tolliver*, 154 Tenn., 304, 285 S. W., 576, 581, and authorities there collected dealing with the jurisdiction of the probate court, will disclose very clearly that there is no necessity for a bill in equity like this one. It there appears that the probate court can "order all testamentary papers to be produced in court in a proceeding to probate any one of them," and that probate proceedings are proceedings *in rem,* and that the court "may permit parties on the record to withdraw, and new parties to intervene as in its discretion it may see the ends of justice require; and this whether they appear in the attitude of plaintiffs or defendants; for, being a proceeding *in rem,* both parties are actors, and, in the strict sense, none are defendants, sued and made parties against their will."

Reversed, and bill dismissed.