HUBBARD *v.* HAYNES *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

KOLWYCK & CLARK and ROBERT E. COOPER, of Chattanooga, for plaintiff in error.

STRANG, FLETCHER & CARRIGER, of Chattanooga, for defendants in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The declaration in this case presents an action in damages for property damage to an automobile arising out of a collision which occurred on State Highway 11, between Chattanooga and Cleveland. After defendants had filed pleas to the declaration, they caused the Clerk to subpoena the plaintiff for the purpose of taking plaintiff's deposition. Plaintiff, on advice of counsel, did not appear, and thereafter similar subpoenas were served from time to time on plaintiff, until one which was served on July 11, 1949, requiring plaintiff to appear on July 20, 1949. The case came on for trial July 28, 1949, and at that time, plaintiff moved the Court to quash the various subpoenas to take his deposition. Then defendants filed a motion calling for an instanter dismissal of the case because of plaintiff's statement in open Court, that such subpoenas would not be obeyed. Thereupon, the Court overruled plaintiff's motion to quash the subpoenas and sustained defendants' motion to dismiss. An order was accordingly entered, dismissing the cause. A motion for a new trial was subsequently overruled, and the plaintiff has appealed.

The only questions presented are, (1) Whether defendants were entitled to take plaintiff's deposition as they proposed to do, and (2) Whether for plaintiff's refusal and failure to obey the subpoena, the Trial Court was justified in dismissing the cause.

Because the action was commenced on the pauper's oath, defendants support their right to take the deposition of plaintiff under the following provisions of Code, Section 9806:

"The evidence of witnesses may be taken by deposition, in civil actions, by either party:

. . . . . . .

"(9) When the suit is brought by a party in *forma pauperis.*"

The determinative question is whether the word "witnesses" as used in the foregoing, includes "parties to the record." The historical background of the Code Section quoted persuades us that it did not include parties. Subsection (9) of Code Section 9806 was taken from Section 1 of Chapter 128, Public Acts of 1851-52. The obvious purpose of said subsection was to ensure that poor persons who were litigating should not be deprived of necessary witnesses on account of the inability of such parties to pay traveling expenses, etc. When the Act of the Legislature was passed in 1851, parties of record were not competent as witnesses, and this incompetence was not removed until March 13, 1868, and the enactment of Chapter 75 of the Public Acts of 1867-1868. Therefore, it is historically impossible, *State* v. *Nashville Baseball Ass'n.*, 141 Tenn. 456, 459, 211 S. W. 357, 4 A.L.R. 368, that the Legislature had "parties" in mind when the word "witnesses" was used in the Act. The identical language of Code, Section 9806 of the Code

of 1932, is taken verbatim from Code, Section 3836 of the Code of 1858, which was, of course, 10 years prior to the time that parties were made competent to testify. From the examples collected and considered in Words & Phrases (q.v.) it is evident that the question whether the word "witnesses" includes "parties," is to be determined in each case by the attendant circumstances and context, and that there is no safe general rule that can be applied universally.

The only Tennessee cases considered by the defendants are, *Weakly* v. *Miller,* 1 Tenn. Ch. 523, 527, and *Ducktown Sulphur, Copper & Iron Co.* v. *Fain,* 109 Tenn. 56, 70 S. W. 813. In the latter case, a dictum by Judge Cooper in the former case of *Weakly* v. *Miller* is copied in the course of the opinion:

"But either party may now have the benefit of his adversary's testimony as a witness, in the usual way, without resorting to either a bill or petition for a discovery. *Weakly* v. *Miller,* 1 Tenn. Ch. [523], 527, 528." *Ducktown Sulphur, Copper & Iron Co.* v. *Fain,* 109 Tenn. 56, 62, 70 S. W. 813, 814.

Neither in the case of *Weakly* v. *Miller, supra,* nor in *Ducktown Sulphur, Copper & Iron Co.* v. *Fain, supra,* was the deposition of a party taken, or attempted to be taken, as it was here by the defendants. Standing alone, the foregoing quotation, however, might give the defendants some comfort, but as the authority of the Ducktown case was limited and defined by Judge Green in the later case of *Nashville C. & St. L. RR.* v. *T. S. Jenkins & Sons,* 155 Tenn. 605, 610, 296 S. W. 1, 53 A.L.R. 812, the confusion is resolved. What was meant by the language, and what is now the law, is that when in a law case, a situation presents itself which would justify a bill for

a discovery in equity, Gibson's Suits in Chy. (1937 Ed.) Section 1116 et seq., it is not necessary in Tennessee, to file a separate bill in Chancery to effect the discovery, *Bumpass* v. *Reams,* 33 Tenn. 595, but by pursuing the precedure prescribed in Code, Sections 9869 through 9878, the party desiring may have the discovery in the law court. Neither in the *Weakly case* nor in the *Ducktown case* was the practice attempted here approved.

This procedure by the defendants was an attempt to introduce into a State cause Federal pre-trial procedure. Whether or not it is beneficial or desirable is a matter for the Legislature and cannot, of course, be introduced by the Courts without the authority of a statute.

For the reasons stated, the judgment of the Trial Court is reversed and the cause remanded for further proceedings consistent with this opinion. Defendants will pay the costs.

All concur.