KIVETT *v*. NEVILS *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed February 10, 1950.

JACKSON C. KRAMER and R. R. KRAMER, of Knoxville, for complainant (appellant).

BROUGHTON & BROUGHTON, of Knoxville, JOHN P. DAVIS, of Tazewell, for defendants (appellees).

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed in the Chancery Court of Claiborne County, and charged the defendants with uttering and publishing certain false and malicious slanders and defamations against the complainant, and that defendants, in connection with said slanders and defamations, were exhibiting a certain letter purporting to be signed by the complainant; that said letter was spurious and a forgery; that the substance of said slanders and defamations was that the complainant had been guilty of illicit sexual relations with a fifteen-year-old girl; and that the letter purported to have been written

by the complainant to the girl, to effect a settlement of a lawsuit threatened by her. The prayer of the bill was that the defendants be required to answer, and that a subpoena *duces tecum* issue and be served upon defendants, requiring them to produce and file with the Clerk the letter described in the bill and purporting to have been written by the complainant. The defendants demurred to the bill and the Chancellor sustained the demurrer, dismissed the bill and complainant has appealed.

To support the appeal, it is argued that the bill is in the nature of a bill *quia timet;* that complainant had the right to file it as such, and that, therefore, the Chancellor improperly sustained the demurrer.

If considered as a declaration at law, the bill of the complainant stated a cause of action that had accrued under Code Section 9310, therefore the equitable doctrine *quia timet* had no application. Statement of the basis of the doctrine is well made by JUDGE TURNEY in *Lynn* v. *Polk,* 76 Tenn. 121, at page 127: "It is the inability of courts of law to operate *prospectively by prohibition for the prevention of mischief,* that has established upon clear and definite grounds that portion of chancery jurisdiction which rests upon the doctrine of *quia timet.* It embraces a great variety of interests, which we need not and do not design to investigate here. It sufficeth for this case to say, that it always applies where great and irreparable mischief may be the consequence of the illegal action, which the common law courts cannot stop." (Emphasis supplied.)

It follows from this accepted statement of the purpose and scope of the doctrine *quia timet,* that when as here, the alleged wrong is in the past and is an ac-

complished fact, the doctrine of *quia timet* has no application and a bill *quia timet* is not appropriate.

██ Further, the attempted use by the complainant, of a subpoena *duces tecum* for the purpose indicated, was an anomaly and not supported by any authority. Definition of the writ is made in Code Section 9784, as follows: "Subpoena; *duces tecum.*—The attendance of witnesses to give testimony is procured by subpoena or summons, requiring the witness to be present at a prescribed time and place, to give testimony in a case or matter therein stated, mentioning the names of the parties litigant and the party at whose instance he is to be summoned, and, if necessary, requiring him also to bring with him any books, documents, or other writings under his control, and which he is not excused by law from producing in evidence."

It is clear, from the foregoing, that the subpoena *duces tecum* is not "leading process," but is to be used for procuring the attendance of witnesses with documents, nor did the complainant have the right to take the depositions of the defendants *Hubbard* v. *Haynes,* Tenn. Sup., 225 S. W. 2d 252.

██ For the reason that the complainant has a plain, speedy, adequate and complete remedy at law, the Chancellor was correct in sustaining the demurrer and dismissing the bill, and his decree is affirmed.

All concur.