## POPPINO v. JONES STORE CO.
### No. 336.

District Court, W. D. Missouri, W. D.
March 21, 1940.

Woodruff & Gard, of Kansas City, Mo., for plaintiff.

Mosman, Rogers & Bell, of Kansas City, Mo., for defendant.

Motion Under Rule 26.

OTIS, District Judge.

Plaintiff has moved for an order requiring one Don M. Jackson to answer certain questions propounded to him at the taking of his deposition. Jackson was an investigator for an insurance company which had issued to the defendant a policy of liability insurance. The plaintiff had been injured in the defendant's store. Jackson had investigated the accident and, by hearsay, had ascertained certain facts. The following questions were asked him:

"Q. Did you learn the names of persons who were present at the time of the accident? A. Yes.

"Q. Will you give me those names, please? A. Well, I would consider that again in the nature of a privileged communication and believe that I would not care to answer that question until I am further advised.

"Q. It seems to me that this rule is very definite on that point. I do not see any justification for your declining to answer. Do you decline to answer that question? A. I do.

"Q. Did you learn how many persons were present at the time of the accident? A. Yes, sir.

"Q. Will you tell me how many were present? A. I don't recall without referring to the file.

"Q. Will you refer to the file and find out and tell me? A. I would refuse to answer on the same ground that it is privileged communication."

It is contended that these questions should have been answered pursuant to the provisions of Rule 26, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That rule provides, in subsection b, that: " * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of relevant facts."

■■ Without considering whether the matters inquired of in the deposition sought to be taken here were "privileged", our view is that the rule is not to be construed as requiring answers to such questions as were asked. Until some court whose judgment we are bound to follow holds otherwise, we shall not believe that it was the intention of the Supreme Court that in the taking of a deposition a witness might be compelled to give clearly immaterial and inadmissible evidence. The word "relevant" as used in the rule, should be interpreted in the sense in which ordinarily it is understood, that is, as referring to that which is material and competent under the rules of evidence.

The questions which the witness in this case refused to answer obviously call for hearsay. If the witness were on the witness stand at the trial of the case and these questions were asked objections to them certainly would be sustained.

■■ Learned counsel for the plaintiff undoubtedly had in mind the concluding clause of Rule 26(b), authorizing inquiry of a witness whose deposition is being taken touching "the identity and location of persons having knowledge of relevant facts." That clause, however, must be read with the rule as a whole. The testimony sought to be elicited still must be "relevant to the subject matter involved in the pending action" (that is, it must be competent, material evidence). If a witness knows of his own knowledge the identity and location of a person who has knowledge of relevant facts he may be required to reveal the identity and location of such person. It is inconceivable, however, that the Supreme Court intended to authorize such a question as this: "Did you hear who were present at the accident which you yourself did not witness and, if so, who were the persons you heard were present at the accident?"

We do not think the Supreme Court intended to authorize a new and radical change in the law of evidence nor do we think the Supreme Court had any authority from Congress to authorize any change in the law of evidence. Its authority was confined by the statute, 28 U.S.C.A. § 723b, to prescribing rules only as to "forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law."

The application for an order compelling answers to the questions set out is denied.

### On Motion to Produce Documents, etc., Under Rule 34.

Plaintiff has sued the defendant for damages for personal injuries alleged to have been sustained in the defendant's store on March 11, 1938, when she tripped over one of the legs of a display table and the table fell upon her. Her injuries are charged to the negligence of the defendant. The plaintiff has moved for the production and inspection of certain documents, reports and photographs and asserts that her motion is authorized by Rule 34.

It appears from the allegations of the motion and the statements of counsel for plaintiff and defendant when the motion was argued that the papers, documents and photographs called for were procured by an investigator for an insurance company which had issued a policy of liability insurance to the defendant. The investigator

was one Don M. Jackson. When his deposition was taken by the plaintiff he testified to the existence of the papers and documents called for and that they were "in the possession of O. C. Mosman," described in the motion as "attorney for the defendant." They are described in the motion as follows: "(a) Report of the accident made by the Jones Store Company to the Liberty Mutual Insurance Company; (b) Written statement made by plaintiff at Research Hospital; (c) Photographs of the scene of the accident taken or caused to be taken by the witness; (d) Report of insurance company's examining physician, Dr. George White, of his examination of plaintiff; (e) Written statement of Dr. Growdon, plaintiff's physician, of his examination of plaintiff, furnished to the witness; (f) Written memorandum made by witness of the items of damages furnished him by the plaintiff."

Rule 34 provides: "Upon motion of any party showing good cause therefor * * * the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, and things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; * * *."

The rule is clear and definite. It expressly or by necessary implication requires that the motion for production of documents shall (1) *designate* the documents desired, (2) that it shall show facts from which the court may conclude that the designated document constitutes or contains "evidence material to any matter involved in the action" and (3) that the document sought is in the "possession, custody, or control" of an adversary party. We must test the motion now submitted by these requirements.

1. The first requirement of the rule certainly is satisfied by the showing made in the motion. Each of the documents and things sought is clearly designated.

■ 2. We think the second requirement of the rule is not complied with. It is true that the unverified motion says that the documents sought are things "constituting and containing evidence material to this action." Certainly, however, that is no showing. Counsel preparing the motion had no knowledge as to the contents of any of the documents sought and does not claim to have any. They seek the documents so that they may know what they contain. Certainly having no knowledge of what a document contains, one cannot state facts from which a court may conclude that the document does "constitute or contain evidence material." It cannot have been the intention of the Supreme Court that a motion under Rule 34 should be sustained if only it should be suggested that an adversary party had in his possession and under his control documents which *might* constitute or contain material evidence.

■■ As to several of the documents and things sought in this motion it is obvious that they could not constitute nor contain evidence material to any matter involved in the action. Consider for example, the second document referred to in the motion, the "written statement made by plaintiff at Research Hospital." Certainly such a written statement could not be offered in evidence by the plaintiff in support of plaintiff's case. If it contains admissions against interest made by the plaintiff (and we cannot know from the motion what it contains or anything it contains) it might be offered in evidence by the defendant. But is Rule 34 to be interpreted so broadly that a party plaintiff may obtain from his adversary not only that evidence which will aid him to make out *his* case, but also that evidence which his adversary might use to make out his defense? We shall be surprised if it shall ever be ruled that the Supreme Court had any such revolutionary purpose. Nothing of that kind could be accomplished by the old bill of discovery. The function of the bill of discovery was limited to discovering what would aid the party seeking discovery in making out *his* case or *his* defense. Carpenter v. Winn, 221 U.S. 533, 535, 31 S.Ct. 683, 55 L.Ed. 842.

Consider item (d) of the things sought by the motion, the "report of the insurance company's examining physician * * * of his examination of plaintiff." Certainly such a report, of one not a party to a proceeding, to an insurance company not a party to the proceeding, could not constitute or contain "evidence material to any matter involved in the action." If the physician referred to should be a witness in the case for the defendant it is conceivable that such a report as that mentioned might be offered in evidence in impeachment of his testimony. It is conceivable that if such a physician should be a witness his credibility might be a matter involved in

the action. These, however, are now only possibilities and remote possibilities. The rule contemplates some more convincing showing of materiality than a showing that *if a* physician who made a report does take the witness stand and *if* there is anything in the report which contradicts his testimony and *if* upon cross examination he admits having made the report, then the report might be material in evidence as affecting the witness' credibility.

Consider item (c) of the motion, "photographs of the scene of the accident taken or caused to be taken by the witness." Such photographs might or might not be material evidence in the case. Whether they would be material certainly would depend upon the proximity of the time of taking the photographs to the time of the accident and the identity of the scene on these separate occasions. Merely to allege (and the motion here makes no other allegation) that photographs were taken of the scene of the accident without any showing as to the time the photographs were taken and as to what they show does not satisfy the requirement that facts must be alleged supporting the conclusion of materiality.

■ 3. We believe the motion does not meet the third requirement. It does not allege that the documents sought are in the possession, custody or control of the defendant. It alleges that they *were* in the "possession of O. C. Mosman, attorney for the defendant." The date referred to is November 10, 1939. The allegation in the motion then is that the documents were in the possession of "O. C. Mosman, attorney for the defendant," on November 10, 1939. The motion was filed November 24, 1939. It was submitted March 19, 1940. Certainly the motion should have alleged at least that when it was filed the documents sought were in the possession of the defendant. But that deficiency is of slight significance since a request to amend the motion in the particular indicated would have been granted. The real shortcoming of the motion is that it does not even allege

that the documents sought ever were in the possession of the defendant.

It is quite true that if an attorney for a party comes into possession of a document *as attorney for that party* his possession of the documents is the possession of the party. The mere fact, however, that the attorney for a party has possession of a document does not make his possession of the document the possession of the party. The paper may be one of his private papers which he had before the relation of attorney and client was established. It is inconceivable that he should be required to produce such a paper for the inspection of his client's adversary. The paper which he has in his possession may be the property of some other client. It is inconceivable that he should be compelled to produce the document belonging to another client because the adversary of one of his clients demands it. It appears from what was said at the oral argument, as well as from the allegations of the motion, that the documents said to be in the possession of O. C. Mosman are in his possession not as attorney for the defendant, but as attorney for the Liberty Mutual Insurance Company.

Certainly the motion should have alleged, as the rule requires, that the documents sought are in the possession of the defendant. If that were the allegation of the motion, a showing in the motion or otherwise that the documents sought are in the possession of an attorney for the defendant by reason of his representation of the defendant, would be quite sufficient. It is obvious, however, that the documents sought here are the property of the Liberty Mutual Insurance Company, not a party to this proceeding. If that is true, if Mr. Mosman represents that insurance company, if these papers are in his possession as attorney for that insurance company, then, in no true sense, are they in the possession, custody or control of the defendant in the case.

We think the motion should be overruled. It is overruled. So ordered.