·C. O. Taylor

*v.*

Continental Tennessee Lines, Inc., Continental Southern Lines, Inc., and Trailway Bus System.

Mrs. Maude Taylor

*v.*

Continental Tennessee Lines, Inc., Continental Southern Lines, Inc., and Trailway Bus System.

(*Nashville*, December Term, 1958.)

Opinion filed March 12, 1959.

WATT H. MOORE and CARMACK MURCHISON, JACKSON, CRAWFORD & BARNES, Cookeville, for petitioners (defendants).

LANGFORD, McKAY & LANGFORD, Cookeville, for respondents (plaintiffs).

Mr. Chief Justice Neil delivered the opinion of the Court.

This case originated in the Circuit Court of Putnam County wherein one C. O. Taylor caused a summons to issue, the same to be served upon the defendants to answer the complaint of the said Taylor for damages, etc. The aforesaid writ was duly served as required by law. It was issued and served out of term, and the defendants were required to appear and answer, or plead, at the next regular term of court, which was the ''July term 1958.''

On the second day of the term the defendants appeared in open court ''and presented and tendered for filing their plea in abatement to the writ or process and moved the court that it be permitted to file same.''

The plea in abatement to the aforesaid summons charged that the cause of action did not arise in Putnam County; that neither of the defendants had an office in said County, nor any person or agency upon whom such process could be lawfully served.

The trial court refused to permit the filing of the aforesaid plea in abatement on the ground that it was ''dilatory'' and it should have been filed on the first day of the July term. The defendants excepted to the action of the court and prayed for and were granted an

appeal to this Court. The appeal was seasonably perfected. Following the appeal the defendants filed their petition in this Court for the writ of *certiorari* and *supersedeas,* and the same was granted.

We have stated the issue involved, and the facts from which relief is sought by appeal and the petition for *certiorari.*

The counsel for Taylor has moved the Court to dismiss the appeal and strike the petition for *certiorari* on the ground that it is premature.

█ We think the action of the trial judge in denying the defendants' request for leave to file their plea in abatement was error, and the petition for *certiorari* was not improvidently granted.

█ If we consider the defendants' plea in abatement as a "dilatory" plea, still there is no authority for the trial judge to disallow it being filed and made a part of the record. It is wholly immaterial that it was not filed on the first day of the appearance term. The plea was to the summons and, if shown to be true, was conclusive of the authority of the court to try the case. It was not a plea to the declaration because none had been filed. It cannot be doubted that a defendant at his election may "plead in abatement and in bar at the same time, and when so pleaded, both pleas are to be heard at the same time, and judgment rendered on both pleas." History of a Lawsuit, 6th Ed., Section 169 (Gilreath).

The defendants had the clear right to file their plea and have the judgment of the court upon its legal sufficiency.

The refusal by him to permit the filing of said plea was contrary to law and in legal effect amounted to a denial to the defendants of their day in court.

Conceding that the judgment in the court below was not a final one as such judgments and decrees are generally considered and from which there is no right of appeal, yet it is subject to review by this Court on petition for the writ of *certiorari*.

We have repeatedly held that it is error to grant a discretionary appeal in a court of law; and appeals to this Court in such cases are dismissed as being premature. However, in a proper case errors complained of in a judgment not final in form or in substance, is subject to review by the appellate courts upon a petition for the writ of *certiorari*. Thus in *Wattenbarger v. Tullock,* 197 Tenn. 279, 271 S.W.2d 628, 631, it was held, Mr. Justice Swepston writing the opinion:

"It is settled by the case of *State ex rel. McMorrow v. Hunt,* 137 Tenn. 243, 192 S.W. 931, that this supervisory or superintending writ may be granted in a proper case although the decree is not final. In the case of *Conners v. (City of) Knoxville,* 136 Tenn. 428, 189 S.W. 870, it is said:

" ' "*Certiorari*" at common law performed the function of aid to a review and supervision of the proceedings of inferior boards and tribunals by a superior tribunal, not taking the place of appeal or writ of error, but bringing up the entire record in order to a determination *whether there had been an absence or excess of jurisdiction, or a failure to proceed according to the essential requirements of the law.*' 136 Tenn. at

page 432, 189 S.W. at page 871.'' (Emphasis supplied.)

Considering further the authority of this Court to review the action of the trial court, as complained of by appellants, the foregoing opinion of Mr. Justice Swepston is sound in principal and finds added support in *Cockrill v. People's Savings Bank,* 155 Tenn. 342, 293 S.W. 996, 998, wherein it is held (opinion by Mr. Chief Justice Green), as follows:

"The court has broad powers, inherent and statutory, with respect to the issuance of the writ of *certiorari,* to enforce the supervisory jurisdiction of the proceedings and judgments of inferior tribunals.''

\* \* \* \* \* \*

"The appellate courts of the State have the same jurisdiction to award the writ of *certiorari* in cases where appeal or writ of error does not lie, to correct the errors of inferior courts of law or equity, that the circuit court has in such cases to award such writ to correct the errors of inferior tribunals.''

To the same effect see *Hill State Bank & Trust Co. v. Chew,* 167 Tenn. 71, 66 S.W2d 989.

The case at bar is not controlled by *Harbison v. Welch,* 195 Tenn. 191, 258 S.W.2d 755, 756. In that case Harbison and Betty Ruth Hiscock brought separate suits for damages for personal injuries in the Circuit Court of Putnam County against Mrs. Welch. Both plaintiffs were residents of Knox County, while Mrs. Welch resided in Putnam County. Following the service of the writs upon Mrs. Welch and before declarations were filed, she caused to be issued a counter summons, directed

to the Knox County Sheriff, the same being accompanied by copies of her declaration. This writ or summons was duly served. The plaintiffs, Harbison and Hiscock, filed identical pleas in abatement attacking the issuance of process by the Clerk of the Putnam County Circuit Court on the ground that it was "invalid, illegal and void as a cross-action authorized by law." Counsel for Mrs. Welch moved to strike the pleas in abatement, said motion being treated as a demurrer. The motion to strike was overruled and the pleas in abatement were sustained on the ground that the summons that were issued and served in Knox County were void. An appeal was prayed and granted. The case was dismissed on the ground that the appeal was premature. Moreover there was no right of appeal under the authority of *Cockrill v. People's Savings Bank, supra.*

The assignment of error is sustained and the case is reversed and remanded for further proceedings consistent with this opinion.