MARTHA PUCKETT, Plaintiff, v. ELMER BROOME, Defendant. No. 21. —385 S.W.(2d) 762.

Eastern Section. January 17, 1964.

Certiorari Denied by Supreme Court September 4, 1964.

Berke & Berke, Chattanooga, for plaintiff.

Spears, Moore, Rebman & Williams, Chattanooga, for defendant.

S. J. MILLIGAN, Special Judge. This case is before this Court on a petition of the defendant, Elmer Broome, hereinafter referred to as "Petitioner", for certiorari wherein he complains of the action of the Circuit Judge for Hamilton County in requiring him to produce the original report of an automobile accident, together with all written statements made by him relative to said accident as requested in his discovery deposition in process of being taken by the plaintiff, Martha Puckett, hereinafter referred to as "Respondent".

Petitioner alleges that he was involved in an automobile accident with the Respondent, Martha Puckett, that he carried liability insurance on his automobile which covered the accident in question, and the policy by its provisions required him to make a full and complete report of any accident to the claims representative of said insurance company, and in the event of suit, to cooperate fully in its defense; that the day following the accident petitioner reported same to his insurance carrier and gave a written statement relative thereto to its claims representative and that some months later the respondent instituted suit against him in the Circuit Court for Hamilton County, whereupon respondent through her attorney took petitioner's deposition under the provisions of the Tennessee Deposition Law, TCA secs. 24-1201 to 24-1219 and during the course of the taking of his deposition he

was asked to file a copy of a statement given to his insurance carrier. On the advice of counsel he refused to comply with said demand.

Thereupon a written motion was filed wherein the respondent moved the Court to require the petitioner "to produce the original report of the accident, together with all written statements made by defendant of the accident, as requested in the discovery deposition". This motion was filed on November 13, 1963, and on the 4th day of December, 1963 the Trial Court entered an order sustaining the motion of the respondent and requiring the petitioner to produce the original report of the accident and all written statements made by him relative thereto.

The petitioner avers that said order was erroneous, illegal, void and beyond the jurisdiction of the Court for the following reasons:

(1) The Court was without jurisdiction under the Tennessee Deposition Law, TCA secs. 24-1201 to 24-1219 to require a party to the suit to produce reports and written statements which he had made to representatives of his insurance carrier or its attorney.

(2) Because the motion to produce did not show good cause for the production of said report and statements.

(3) Because it deprives the petitioner of his right to defend said action in an orderly and proper manner.

(4) Because the order requires the production of confidential and privileged matter.

Due notice was given by the petitioner to the respondent of the presentation of said petition, and counsel for the petitioner and the plaintiff appeared before the Court and presented arguments, and the matters presented were taken under advisement.

The question to be determined at the outset is whether or not this is a case in which writs of certiorari and supersedeas should be granted.

TCA sec. 27-801 provides as follows:

"27-801. Constitutional basis.—The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."

In Conners v. City of Knoxville, 136 Tenn. 428, at page 433, 189 S.W. 870, at page 871, Mr. Justice Williams quoted from the case of Tennessee Central RRd. Co. v. Campbell, 109 Tenn. 640, 645, 75 S.W. 1012, as follows:

" 'The writ of certiorari does not owe its existence to constitutional provisions or statutory enactment. It is a common-law writ, of ancient origin, and one of the most valuable and efficient remedies which come to us with that admirable system of jurisprudence.

" 'This court * * * is not restricted from its use by section 10 of article 6 of the Constitution, providing that the judges of inferior courts of law and equity shall have power to issue it in civil cases to remove them from any inferior jurisdiction into a court of law. This provision was only intended as a guaranty of the continuance of a power with which these judges were already vested.'

"Our statute was not intended to work a change in the common-law function of the writ, as a supervisory or 'superintending writ,' as it has been called."

In Taylor v. Continental Tenn. Lines, 204 Tenn. 556, 322 S.W.(2d) 425, in an opinion by Chief Justice Neil, the Court said:

"(4) We have repeatedly held that it is error to grant a discretionary appeal in a court of law; and appeals to this Court in such cases are dismissed as being premature. However, in a proper case errors complained of in a judgment not final in form or in substance, is subject to review by the appellate courts upon a petition for the writ of *certiorari*. Thus in Wattenbarger v. Tullock, 197 Tenn. 279, 271 S.W.(2d) 628, 631, it was held, Mr. Justice Swepston writing the opinion:

" 'It is settled by the case of State ex rel. McMorrow v. Hunt, 137 Tenn. 243, 192 S.W. 931, that this supervisory or superintending writ may be granted in a proper case although the decree is not final. In the case of Conners v. (City of) Knoxville, 136 Tenn. 428, 189 S.W. 870, it is said:

" ' " ' *Certiorari*' at common law performed the function of aid to a review and supervision of the proceedings of inferior boards and tribunals by a superior tribunal, *not taking the place of appeal or writ of error,* but bringing up the entire record in order to a determination *whether there had been an absence or excess of jurisdiction, or a failure to proceed according to the essential requirements of the law."* 136 Tenn. at page 432, 189 S.W. at page 871.' (Emphasis supplied.)"

Mr. Justice Neil in Taylor, supra, quotes from an opinion by Mr. Chief Justice Green, in Cockrill v. People's Savings Bank, 155 Tenn. 342, 293 S.W. 996, as follows:

"The court has broad powers, inherent and statutory, with respect to the issuance of the writ of *certiorari*, to

enforce the supervisory jurisdiction of the proceedings and judgments of inferior tribunals.''

In Hoover Motor Exp. Co., Inc. v. R.R. & Pub. Util. Comm., 195 Tenn. 593, 261 S.W.(2d) 233 in an opinion by Mr. Justice Gailor, the Court said:

"(1) As this Court has repeatedly held, the review before the Chancellor on the writ of certiorari was limited to the review provided by the common law writ, although in strictness no common law writ now exists in Tennessee, and the writ here was that defined by Code sec. 8989. Dunlap v. Dixie Greyhound Lines, 178 Tenn. 532, 160 S.W.(2d) 413; Tenn. Cartage Co., Inc., v. Pharr, 184 Tenn. 414, 199 S.W.(2d) 119; Hoover Motor Express Co., Inc., v. Taylor, 185 Tenn. 88, 203 S.W.(2d) 366. By Code sec. 8989, review is limited to a determination whether the 'inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally'.''

In this case the Court points out the distinction between the common law writ and the statutory writ and the fact that the supervisory powers of the Court should not be confounded with its appellate jurisdiction.

In McGee v. State, 207 Tenn. 431, 340 S.W.(2d) 940, a criminal case, the defendant attempted to take discovery depositions of State witnesses, basing his notice therefor on the authority of the Deposition Law of 1959, TCA sec. 24-1201 et seq. The State moved the Trial Court for an order that such depositions not be taken on the ground that the discovery statute applied only to civil suits. Defendant presented to the Supreme Court his petition for writ of certiorari to review and reverse that order. The writ was granted, set down for hearing and the Court

held that the State's motion to dismiss must be sustained "because the writ of certiorari does not lie to review such an interlocutory order as the one here sought to be reviewed".

The Court in its opinion in reference to the statute, TCA sec. 27-801 said:

"The phrase 'exceeded the jurisdiction conferred,' and the phrase 'acting illegally,' both refer to action by such inferior tribunal beyond, not within its jurisdiction. * * *"

The Court then said:

"The Criminal Court undoubtedly had jurisdiction generally of the subject matter of these indictments, and a jurisdiction to entertain the State's motion, construe the discovery statute, and enter this interlocutory order."

In Ivey v. State, 207 Tenn. 438, 340 S.W.(2d) 907 in an opinion by Mr. Justice Burnett, released on the same day as the opinion in the case of McGee v. State, supra, Ivey was granted a writ of certiorari by a member of that Court for the purpose of reviewing the action of the Trial Judge in ordering that Ivey was not entitled to pretrial depositions nor to the inspection of FBI reports expected to be used by the State in the trial. In its opinion the Court said:

"(2) The denying of the right to take pre-trial depositions and to inspect the FBI reports constitutes nothing more than a peacemeal review. Ivey was not cast in a final judgment in the trial court by the offense charged and consequently there was no final adjudication for a review in this state of the proceedings, for the reasons stated in the Allen [Allen v. State of Tenn.] 194 Tenn.

296 [250 S.W.(2d) 539] and Helton ([Helton v. State of Tenn.] 194 Tenn. 299 [250 S.W.(2d) 540]) cases, supra. All of these matters are procedural matters which address themselves to the discretion of the trial judge and his action upon any of them, either for or against the defendant, do not cast the defendant in a final judgment.''

In the Allen case above referred to, a criminal case, an appeal was attempted to be taken from the action of the Trial Judge in striking pleas of (1) former suit pending, (2) former judgment and (3) former jeopardy. The Supreme Court held that the pleas in question were not open to review by appeal. In that case the Court cited as authority the case of Houser v. Haven, 187 Tenn. 583, 216 S.W.(2d) 320, which held there was no authority in this State permitting a discretionary appeal in a law cause from an interlocutory judgment.

The Helton case above referred to is a criminal case. In that case the defendant by a petition for certiorari sought a review of the action of the Criminal Judge in declining to sustain petitioner's plea of former jeopardy. The Court held that certiorari would not lie to review alleged error in passing on plea of former jeopardy, since any error in such ruling would not deprive Trial Court of jurisdiction. There is no suggestion that the action of the Trial Judge sought to be reviewed was not in accord with the forms of law and in conformity with accepted legal principles.

We are of the opinion that McGee v. State and Ivey v. State and the cases cited can be distinguished from the situation presented in the instant case. To begin with, these were criminal cases. The Deposition Law of 1959, TCA sec. 24-1201, specifically states that the provisions of

that Chapter "shall not apply to any criminal proceedings now or hereafter pending in any court of this state having criminal jurisdiction"; consequently, there is no statutory authority for the taking of discovery depositions sought to be taken in the two above criminal cases. In the instant case the petitioner is not complaining of the taking of the discovery deposition, but does complain of the order of the Court directing the production of the documents called for. Petitioner insists that there is no grant of authority by the statute authorizing the Judge to enter such an order and that in so doing he was without jurisdiction to require the production of said documents, and in attempting so to do, his action was unlawful, wrongful and void.

This presents a situation, if petitioner's insistence is substantially correct, wherein the Court by its affirmative act has required the petitioner to do that which the Court is without warrant of authority to require. In the two State cases above referred to the action of the Court prohibiting the taking of the depositions was proper, if for no other reason than on account of lack of statutory authority; whereas, in the instant case petitioner is required by order of the Trial Court to act affirmatively by surrendering to the opposing party documents and information presumably contained therein. We accordingly find as a preliminary matter that the Court in so doing may have exceeded its jurisdiction and powers and therefore acted illegally. We are of the opinion that in such a situation this Court has jurisdiction to entertain the petition for writs of certiorari and supersedeas.

The petitioner has assigned one error as follows:

"The Court erred in sustaining Martha Puckett's motion to require the petitioner to produce the original

report of the accident, together with all written statements made by the petitioner relative to the accident, as requested in the discovery deposition."

Petitioner says this was error because the Court was without jurisdiction under the provisions of the Tennessee Deposition Law, Sections 24-1201 to 24-1219, TCA, to require a party to a lawsuit to produce the above documents made by him to representatives of his liability insurance company or its attorneys.

TCA sec. 24-1204 is as follows:

"24-1204. Scope of examination.—Unless otherwise ordered by the court as provided in secs. 24-1205, 24-1206, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

TCA sec. 24-1205 provides that the Court in which the action is pending for good cause shown by the party to be examined may enter an order limiting the manner of taking or the scope of the examination.

In construing a legislative act it is proper to examine the caption of the Act to determine the legislative intent there set out.

Sealed Power Corp. v. Stokes, 174 Tenn. 493 at page 502, 127 S.W.(2d) 114.

The Tennessee Deposition Law was enacted in Chapter

54, Public Act of 1959. The pertinent portions of the caption read as follows:

"An act to authorize the taking, filing and use of depositions * * * for the purposes of discovery * * *."

Rules 26 and 34, Federal Rules of Civil Procedure, in conjunction with other rules, the consideration of which is not necessary to the present inquiry, set forth a more elaborate system of discovery than that contained in the Tennessee Act. TCA sec. 24-1204, Scope of Examination, was identical with Rule 26(b) prior to the 1946 amendment to the Federal Rule, by which the following language was added:

"It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lend to the discovery of admissible evidence."

Prior to the amendment some of the courts had held that admissibility in evidence was a prerequisite to discovery, holding that the word "relevant" in effect meant "material and competent under the rules of evidence".

Poppino v. Jones Store Co. (W.D.Mo.1940), 1 F.R.D. 215; Benevento v. A & P Food Stores, Inc., D.C., 26 F.Supp. 424.

Thus it has been said that inquiry might not be made and the statements or other matters which, when disclosed, amounted only to hearsay. Committee Note of 1946 to amended Subdivision (b), Moore's Federal Practice, Volume 4, page 1015.

Notwithstanding the fact that the amendment aforesaid was enacted in 1946 and that the Tennessee Deposition Law of 1959 was not enacted until that year, it is

apparent that the draftsman of the Tennessee Act deliberately omitted the provisions of the 1946 amendment.

Rule 34 Federal Rules of Civil Procedure provides in part as follows:

*"Rule 34. Discovery and Production of Documents and Things for Inspection, Copying, or Photographing.* Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or or behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence related to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *."

Rule 30(b) referred to in the above provides for a protective order practically identical with the provisions of TCA sec. 24-1205.

In enacting the Deposition Law of 1959 the Legislature did not see fit to make any provision for the discovery and production of documents as was embodied in the Federal pre-trial procedure.

"The practice of introducing or securing evidence by depositions taken in advance of the trial was unknown to the common law, and the right to do so in actions at law is dependent upon statutory provision * * *" 16 Am.Jur., Deposition Section 3.

The foregoing rule is recognized in Tennessee.

In Hubbard v. Haynes, 189 Tenn. 335, 225 S.W.(2d) 252, decided in 1949 and before the passage of the Tennessee Deposition Law, the defendant in the law action sought to take the plaintiff's deposition before trial. The plaintiff refused to appear and give his deposition; thereupon the Circuit Judge dismissed the suit. On appeal the Supreme Court held that there was no statutory basis for requiring the plaintiff to give his deposition, reversed the action of the Circuit Judge and remanded the case for trial.

> "This procedure by the defendants was an attempt to introduce into a State cause Federal pre-trial procedure. Whether or not it is beneficial or desirable is a matter for the Legislature and cannot, of course, be introduced by the Courts without the authority of a statute."

Even under the Federal rules discovery and production of documents cannot be required except upon the moving party *"showing good cause* therefor".

Prior to March 13, 1868 parties of record were not competent as witnesses. This incompetence was removed on that date by the enactment of Chapter 75 of the Public Acts of 1867-68. By the enactment of the Tennessee Discovery Law in 1959 the scope of inquiry was further enlarged, but it has not as yet progressed to the point provided by Rule 34 of the Federal Rules of Civil Procedure.

In McNelley v. Perry, D.C., 18 F.R.D. 360, decided November 16, 1955 by Honorable Robert L. Taylor, United States District Judge, plaintiff sought by interrogatories, Rule 33 of Federal Rules of Civil Procedure, to elicit information as to insurance coverage and to

procure from an investigator "all the witnesses' statements" in his possession.

Rule 33 provides that "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b) * * *."

The Court held that the proceeding was under Rule 26 and refused to require the investigator Overton to produce such statements, saying that to make such requirement "would be taking an unfair advantage of both Overton and his employer Stone". In the opinion the Court cites with approval Floe v. Plowder, D.C., 10 F.R.D. 504.

In Cooper v. Stender, D.C., 30 F.R.D. 389 (1962) Judge Robert L. Taylor, District Judge, held that the phrase "relevant to the subject matter" in Deposition Rule contemplates either evidence to be introduced at trial or information that may lead to discovery of evidence to be used at trial, and that the defendant would not be required to state limitations of his liability policy, even though information sought might have bearing on plaintiff's decision as to whether to accept compromise offer, it not being "relevant to the subject matter".

In Bada Co. v. Montgomery Ward & Co., D.C., 32 F.R.D. 208, (1963) in an opinion by District Judge Neese, U.S.D.C., E.D.Tenn., the Court said:

"(2) '* * * (T)he deposition-discovery rules are to be accorded a broad and liberal treatment. * * * To that end, either party may compel the other to disgorge whatever facts he has in his possession. * * * But discovery, like all matters of procedure, has ultimate and necessary boundaries. * * *' Hickman v. Taylor (1947), 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, 460-461.

"(3) One of these limitations is that `* * *` the production by a party of any documents, either for mere inspection or obtaining a copy, is predicated upon first showing good cause therefor and consequently is to be obtained *only* by proceeding under Civil Procedure Rule 34 * * *." (Emphasis supplied.) Alltmont v. United States, C.A.3rd (1950), 177 F.2d 971, 975. Judge Maris, drafting the Third Circuit Court's opinion in Alltmont, expressed the opinion that the broad sweep of Hickman, supra, applies to all witnesses. Idem., at page 976."

It will be noted in the above opinion that the production of documents is predicated upon first, showing good cause therefor and is to be *"obtained only by proceeding under Civil Procedure Rule 34."* (emphasis supplied)

In Hickman v. Taylor, supra, referred to in the opinion in Bada v. Montgomery Ward & Co., supra, the attorney for the defendants refused to comply with an interrogatory that he furnish exact copies of all written statements and set forth in detail the exact provisions of any oral statements taken in connection with a marine mishap. The District Court required compliance; the Court of Appeals, Third Circuit, reversed the judgment; the Supreme Court of the United States granted certiorari and affirmed the Court of Appeals, holding that the District Court was in error in ordering compliance with the demands made upon the attorney. In this connection the Court said:

"He has sought discovery as of right of oral and written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired. * * * Interrogatories were directed toward all the evidence prior to, during and subsequent to

the sinking of the tug. Full and honest answers to such broad inquiries would necessarily have included all pertinent information gleaned by Fortenbaugh through his interviews with the witnesses. * * * For aught that appears, the essence of what petitioner seeks either has been revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking.''

In the concurring opinion by Mr. Justice Jackson the following apt language was used:

''Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary.''

Petitioner's deposition was taken at the instance of the Respondent under the Tennessee Deposition Law, at which time the Respondent had every opportunity to inquire into the subject matter involved in the pending litigation within the limitations declared by the Tennessee Statute, TCA sec. 24-1204. She could readily have obtained the identity and location of persons having knowledge of relevant facts, but instead of doing so, she elected to rely upon her insistence that documents be produced, production of which cannot be required under the statutory grant of authority contained in the Tennessee Deposion Law.

We are of the opinion that the Trial Court committed error in requiring the production of the documents as set out in his order, and petitioner's assignment of error is sustained.

In view of the fact that at the time the petition for certiorari was presented to the Court the petitioner and the respondent each appeared before the Court and

argued their respective contentions, we are of the opinion that no further argument is necessary.

The order of the Circuit Judge is reversed and the case remanded for further proceedings not inconsistent with this opinion. An order will be entered accordingly.

McAmis, Presiding Judge, and Cooper, Judge (concurring).

■■ We concur with the well-considered opinion by Judge Milligan upon the following ground. As pointed out in that opinion, the defendant, as the insured, was obligated by the policy to make a report of the accident. The statement was, therefore, made to avoid a breach of contract and to preserve the protection afforded by the policy. The insurer had the right to have a report containing a disclosure of the true facts. To require production of the report under such circumstances would, in our opinion, constitute an unlawful interference with the contractual inter sese rights of the insured and the insurer by embarrassing a free and frank communication between them touching the facts of the case. As a practical matter this could never be had if the injured persons are entitled in advance of a hearing and judgment to inspect the report and use it at the trial as an admission or as contradictory proof. This contractual right is a property right which cannot legally be impaired, embarrassed or destroyed in advance of a hearing in the manner attempted by respondent in this case.

Except upon this ground, we would hold the order complained of to be within the discretion of the trial court and reserve for final determination on appeal the question whether the order is erroneous as beyond the purview of the discovery statute.