STATE OF TENNESSEE,           )
                             )
      Plaintiff/Appellee,     )      Appeal No.
                             )      01-A-01-9510-CV-00445
v.                            )
                             )      Dickson Circuit
JACOB KYLE TIPTON,            )      No. CR-1584
                             )
      Defendant/Appellant.    )


COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT FOR DICKSON COUNTY

AT CHARLOTTE, TENNESSEE


THE HONORABLE ROBERT E. BURCH, JUDGE

CHARLES W. BURSON
Attorney General and Reporter

EUGENE J. HONEA
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, Tennessee  37243-0493
      ATTORNEYS FOR PLAINTIFF/APPELLEE


BILL R. BARRON
Contract Appellant Defender
124 East Court Square
Trenton, Tennessee  38382

JOSEPH L. HORNICK
Assistant Public Defender
P. O. Box 160
Charlotte, Tennessee  37036
      ATTORNEYS FOR DEFENDANT/APPELLANT

DISMISSED AND REMANDED

# O P I N I O N

This case presents what is purportedly an appeal under Tennessee Rule of Criminal Procedure 37(b). The issue of law involves a juvenile's plea of guilty to delinquency in the Circuit Court of Dickson County.

This case arose when Ms. Vivian McCord, Principal of Charlotte Elementary School in Dickson County, Tennessee, filed a petition in the Juvenile Court for Dickson County. She alleged that appellant, eleven year old Jacob Kyle Tipton, was a delinquent child because she found him with marijuana while at school.

Thereafter, appellant filed a motion to suppress in the Dickson County Juvenile Court. Appellant alleged that school officials and police officers had violated his constitutional rights when they took a statement from him at the school and when they conducted a search and found the evidence at issue in this case. A hearing was held on appellant's motion by the juvenile court. In July 1994, the juvenile court entered an order denying the motion. On that same date, the juvenile court entered an order finding Jacob Kyle Tipton to be an "unruly child."

In August 1994, appellant filed a "notice of appeal" notifying the circuit court that he was appealing "from an Order entered by the Dickson County Juvenile Court on July 19, 1994, in which the Honorable Andrew Jackson overruled appellant's motion to suppress evidence." Thereafter, the circuit court held a hearing on appellant's motion to suppress.

At the hearing, Ms. McCord testified to the facts underlying her petition. In May 1994, she learned that students, appellant in

2

particular, were bringing drugs to school. She believed that the only way to catch the students in possession of the drugs was to search the students as they got off the school bus.

Ms. McCord asked Officer John Patterson to be present when she met the school bus, and he complied with her request. She entered the bus and asked appellant to empty his pockets and shoes. She stated: "I, basically, searched him. The officer stayed -- He was on the bottom step of the bus, and he just stand [sic] there and observed." The search on the bus did not turn up any drugs.

Ms. McCord took appellant to her office. She testified that she did not consider appellant to be "under arrest," that he was free to come and go, and that she told him of her suspicions. She then testified as follows: "Well, first he denied it.... And, of course, finally, we -- he admitted it in this little blue -- it's a pencil thing that he carries in his notebook. So we looked at that, and, at that point in time, I let the officer look at it; and there was some remains of [marijuana] cigarettes." Ms. McCord further testified that appellant admitted that he "used" marijuana two or three times a week and on weekends. She also testified that he used cocaine about once a week and that other students had told her that appellant had sold them marijuana.

On cross-examination, she testified that she would not force a student to answer questions if they did not wish to do so, but "they can't just get up and walk out." She also stated: "Jacob knows he could ask to leave at any time. But, no, they're not going to be allowed to get up and just [go] out at any time."

Officer Patterson testified that appellant voluntarily allowed Ms. McCord to look in his pencil container. Officer Patterson also stated as follows: "Yes, sir, he did, after we had,

3

several times, told Mr. Tipton that he didn't have to talk to us and that he was, indeed, free to leave if he did not want to talk to us."

There was no evidence presented by appellant to contradict any of the testimony of Ms. McCord or of Officer Patterson.

At the hearing, the circuit court judge stated as follows:

The Court holds for the purpose of searching for drugs and obtaining confessions and so forth, the principal is a State officer. A principal is an officer of the State empowered by statute to search for illegal substances; and therefore, is carrying out a legitimate State instance [sic]. Therefore, in certain conditions, custodial warnings must be given because it is a State action, and the Fourth Amendment applies to the State.

Subsequently, the circuit court entered an order which stated:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that when a principal of a school is searching for illegal materials, he/she is an officer of the State, acting with State interest in mind, the 4th amendment would apply and thus custodial warnings could be necessary.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a principal, along with police officers, questioning a student in custodial [sic]; however, in this case it was made clear to the minor Defendant that he could leave and, therefore, this was non-custodial and all statements were voluntary.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that minors consenting to adults should be looked at carefully and an acquisition [sic] to authority would not necessarily be consent, but in this case there was consent because it was made clear that he could refused to be searched.

On 7 December 1994, the circuit court entered what it termed an "Agreed Order of Disposition." The order provided that the parties agreed with the court's declaration that appellant was a "delinquent child." On 30 January 1995, the trial court entered an "amended order" placing appellant on probation and, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i),(iv), allowing

4

appellant to preserve for appeal those issues presented in his motion to suppress.

On 1 March 1995, appellant filed a notice of appeal in the Court of Criminal Appeals. The State moved to transfer the appeal to the Court of Appeals. The Court of Criminal Appeals granted the motion and transferred the case pursuant to Tennessee Rule of Appellate Procedure 17.

Subsequently, the State moved to dismiss the appeal on jurisdictional grounds. Thereafter, this court entered an order stating in pertinent part:

> It appears that the issues raised in the appellee's motion should be disposed of only after the briefing schedule has been completed....
>
> It is, therefore, ordered that the motion to dismiss be overruled. The court reserves judgment on the issues of law presented the motion pending the final disposition of this appeal.

Both appellant and the State of Tennessee have presented issues; however, we are of the opinion that the resolution of the State's issue of "[whether] the circuit court's orders entered in this case are void because the circuit court lacked subject-matter jurisdiction to hear an appeal from an interlocutory order of the juvenile court" is dispositive of this case.

Tennessee Code Annotated section 37-1-133(a) provides: "An order of disposition or other adjudication in a proceeding under this part is not a conviction of crime and does not impose any civil disability...." Tenn. Code Ann. § 37-1-133(a)(1991); *see also State v. Womack*, 591 S.W.2d 437, 442 (Tenn. App. 1979). Tennessee Code Annotated section 37-1-159 provides that the circuit court has jurisdiction to hear appeals of final orders rendered by a juvenile court and that such appeals must be perfected within ten

days excluding nonjudicial days.  This statute does not provide the circuit court with jurisdiction to hear appeals of interlocutory orders.  Tenn. Code Ann. § 37-1-159(a)(Supp. 1995); *see In the Matter of McCloud*, No. 01-A-01-9212-CV00504, 1993 WL 194041, at *7 (Tenn. App. 9 June 1993 at Nashville); *State ex rel. Johnson v. Wolf,* No. 06-52-82, 1988 WL 15710, at *3-*4 (Tenn. App. at Nashville 26 Feb. 1988).

The Rules of Juvenile Procedure and Tennessee Code Annotated title 37, chapter 1 limit the Rules of Criminal Procedure's application in juvenile proceedings to specific and limited circumstances. Tennessee Rule of Juvenile Procedure 21 provides and controls the procedure for pleas by juveniles in delinquent and unruly cases.

The State insists that the orders entered by the circuit court are void, that there is nothing for the appellant to appeal from at this point, and that this court should dismiss the appeal. In support of this, they cite to *In the Matter of McCloud.*  In that case, this court, in an opinion written by Judge Koch, stated, in pertinent part:

A.

By its own plain terms, Tenn. Code Ann. § 37-1-159(a) permits the circuit court to consider appeals from "any final order or judgment" of the juvenile court.  In the absence of a contrary statute, we will construe the finality requirement in Tenn. Code Ann. § 37-1-159(a) to be the same as the finality requirement for other appeals.  Thus, an order is not final if it adjudicates fewer than all the claims between all the parties, see Tenn. R. App. P. 3(a); Fox v. Fox, 657 S.W.2d 747, 749 (Tenn. 1983); Stidham v. Fickle Heirs, 643 S.W.2d 324, 325 (Tenn. 1982), or if it leaves anything else for the court to do.  Aetna Casualty & Sur. Co. v. Miller, 491 S.W.2d 85, 86 (Tenn. 1973); Mengle Box Co. v. Lauderdale County, 144 Tenn. 266, 276, 230 S.W. 963, 965-66 (1921).

The special juvenile judge's January 6, 1992 order was clearly not final.  It did not completely adjudicate all the claims between all the parties,

6

and it left the juvenile court with other things to do.  While it denied the Nash-Putnams' and guardian ad litem's motions to terminate Ms. McCloud's visitation with her daughter, it reserved making a final decision concerning the child's placement pending another hearing to be conducted on July 8, 1992.  The circuit court and the Nash-Putnams themselves have consistently referred to the January 6, 1992 order as an interlocutory order, and the trial court's belated decision to treat the order as final does not alter the fact that it was not.  Accordingly, the trial court did not have jurisdiction under Tenn. Code Ann. Sec. 37-1-159(a) to review the January 6, 1992 order.

B.

Circuit courts may review a juvenile court's interlocutory decision using the common-law writ of certiorari.  Doster v. State, 195 Tenn. 535, 536-37, 260 S.W.2d 279, 279 (1953); State v. Womack, 591 S.W.2d 437, 441 (Tenn. Ct., App. 1979).  However, the scope of this writ is much more limited than the board de novo appellate review available under Tenn. Code Ann. Sec. 37-1-159(a).

Review under the common-law writ is limited to considering whether the inferior tribunal has exceeded its jurisdiction or has acted illegally, arbitrarily, or fraudulently.  Tenn. Code Ann. Sec. 27-8-101 (Supp. 1992); McCallen v. City of Memphis, 786 S.W.2d 633, 638 (Tenn. 1990); Henry v. Board of Claims, 638 S.W.2d 825, 827 (Tenn. Ct. App. 1982).  The common-law writ does not permit the reviewing court to inquire into the correctness of the inferior court's judgment as to the law or the facts.  Cooper v. Williamson County Bd. of Educ., 746 S.W.2d 176, 179 (Tenn. 1987); Yokley v. State, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981).

Neither the parties nor the circuit court treated this proceedings as one involving a common-law writ of certiorari.  They did not comply with any of the statutory requirements for writs of certiorari such as support by oath or affirmation, issuance and return of the writ, or issuance of a writ of supersedeas.  Thus, the Nash-Putnams' appeal does not meet the procedural requirements in Tenn. Code Ann. Secs. 27-8-101, -123 (1980 & Supp. 1992).

Even if we were inclined to overlook these procedural omissions, the facts in this record would not support the issuance of a common-law writ of certiorari.  Neither the Nash-Putnams nor the guardian ad litem have alleged that the juvenile court lacked jurisdiction over the proceedings involving Debra McCloud and have not pointed to any facts showing that the juvenile court was acting illegally.

Illegal actions subject to correction through a common-law writ of certiorari must rise to the level of a fundamental illegality, State ex rel. McMorrough v. Hunt, 137 Tenn. 243, 249, 192 S.W.

7

931, 933 (1917), or a failure to proceed according to the essential requirements of the law. Taylor v. Continental Tenn. Lines, Inc., 204 Tenn. 556, 560, 322 S.W.2d 425, 426-27 (1959); Gatlinburg Beer Regulation Comm. v. Ogle, 185 Tenn. 482, 486, 206 S.W.2d 891, 893 (1947).

The record permits no reasonable objection to the juvenile court's jurisdiction. The juvenile court had subject matter jurisdiction over the case by virtue of Tenn. Code Ann. Sec. 37-1-1-3(a)(1) and Tenn. Code Ann. Sec. 37-2-402(3) (1991), and it also had personal jurisdiction over the parties. Likewise, the record contains no basis to claim that the juvenile court acted illegally, arbitrarily, or fraudulently. The relief granted by the special juvenile judge was within the statutory prerogatives of juvenile courts, and her decision was clearly intended to accomplish a goal or objective consistent with the purposes for which juvenile courts were created. Thus, the circuit court would have had no basis to conclude that the special juvenile judge was not proceedings[sic] in accordance with the essential requirements of the law.

*In the Matter of McCloud*, 1993 WL 194041, at *7-*8.

In the instant case, the juvenile court's order denying appellant's motion to suppress was an interlocutory order. The circuit court was without jurisdiction under section 37-1-159 to review this order of the juvenile court. Thus, the circuit court's 6 October 1994 order, addressing the juvenile court's decision on the motion to suppress, and the court's 7 December 1994 order, stating that the parties had agreed that the juvenile was to be declared a delinquent child, are void. Appellant did not perfect an appeal of the final order of the juvenile court, which declared him an unruly child, as required by Tennessee Code Annotated section 37-1-159. Therefore, the circuit court was without jurisdiction to address this issue.

The circuit court's amended order of 30 January 1995, purporting to preserve appellant's right to appeal those issues included in his motion to suppress pursuant to Tennessee Rule of Criminal Procedure 37, is also void. Tennessee Rule of Criminal Procedure 37 has no application to juvenile proceedings, either in

8

the juvenile court or in a proper appeal to the circuit court. This was not a criminal proceeding. Tennessee Rule of Juvenile Procedure 21 governs the taking of a plea from a juvenile to being an unruly or delinquent child. Even if the rules did authorize the circuit court to proceed under Tennessee Rule of Criminal Procedure 37, the circuit court, in this case, did not properly follow the procedures set forth in Rule 37 and by our Supreme Court in **State v. Preston,** 759 S.W.2d 647 (Tenn. 1988). Further, because the circuit court's order of 7 December 1994 had become final, it had no authority to amend the order on 30 January 1995. **See** Tenn. R. Civ. P. 59.05 (1995).

Because the circuit court lacked subject-matter jurisdiction the orders it entered in this case were void. Because these orders are void and there is nothing to appeal from, the appellant's notice of appeal is a nulity.

Therefore, the appeal is dismissed, and the cause is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed to the plaintiff/appellant.

_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE

9