# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

JOHNNY RAY BAKER, SR.,
Individually and as Surviving
Husband of ANITA MAE BAKER,
Deceased, and JOHNNY RAY
BAKER, JR., A Minor, Individually
and as Surviving Minor Child of
ANITA MAE BAKER, Deceased, by
and through his father and next
friend, JOHNNY RAY BAKER, SR.,

)
)
)
)
)
)
)
)
)
)
)

**FILED**

January 27, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

            Plaintiffs/Appellees,
No. 98C-3145

) Davidson Circuit
)

VS.

) Appeal No. M1999-00142-COA-R9-CV
)

AMERICAN PAPER AND TWINE
COMPANY,

)
)
)
)
)
)

            Defendant/Appellant.

)

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE
THE HONORABLE CAROL SOLOMAN, JUDGE

**WILLIAM B. JAKES, III**
**HOWELL & FISHER**
Nashville, Tennessee
Attorney for Appellant

**RANDALL L. KINNARD**
**KINNARD, CLAYTON & BEVERIDGE**
Nashville, Tennessee
**STEVEN R. WALKER**
Memphis, Tennessee
Attorneys for Appellees

**REVERSED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

American Paper and Twine Company ("Defendant") appeals the trial court's grant of Baker's ("Plaintiff's") motion to compel production of Defendant's liability insurance policies in this wrongful death and personal injury case. For the following reasons, the trial court is reversed and Plaintiff's motion to compel is denied.

## Facts and Procedural History

Plaintiff filed a wrongful death and personal injury suit in the Davidson County Circuit Court. During the course of discovery Plaintiff requested that Defendant produce documents regarding Defendant's liability insurance policies. Defendant refused to produce the documents, asserting that the request exceeded the scope of discovery as allowed by Rule 26.02 of the Tennessee Rules of Civil Procedure.[1] Plaintiff filed a motion to compel discovery of the requested documents. On the basis of this motion and oral argument, the court granted Plaintiff's request. As a result, Defendant sought interlocutory appeal on the issue of whether liability insurance policies are discoverable under Rule 26.02. This appeal arises from the facts as set forth below.

On October 13, 1998, Plaintiff, his wife, and his son were employed at a construction site set up on Interstate 40 near Gordonsville, Tennessee. Plaintiff and his family were in the process of removing some of the construction warning signs and barriers. Plaintiff's vehicle and utility trailer were parked in the right-side emergency lane. Due to the construction, only one lane of the interstate was open for traffic and the posted speed limit was forty miles per hour.

In the early afternoon, a truck owned by Defendant and driven by one of Defendant's employees crossed over into the emergency lane where Plaintiff's vehicle and trailer were parked. Plaintiff's wife was working inside the trailer. Defendant's truck hit the rear end of the trailer, causing the Plaintiff's wife to be thrown off the trailer. Her head hit the rear window of Plaintiff's truck while her body was smashed between Plaintiff's truck and Defendant's truck. Her body was dragged between the trailer and Defendant's truck for nearly twenty feet before coming to rest.

Following the accident, Plaintiff filed suit against Defendant in the Davidson County Circuit Court based on the alleged negligent and reckless behavior of Defendant's driver. In addition, Plaintiff alleged that Defendant was negligent per se because of the driver's

---

[1]Rule 26.02 TENN R. CIV. P. provides in pertinent part: Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

failure to obey several traffic laws. Plaintiff sought recovery for both the wrongful death of his wife and the personal injury suffered by himself and his son as a result of witnessing her death.

During the course of trial preparation, Plaintiff served Defendant with a request for production of documents. Among the requests was the following item:

> "7. Please provide any documents in your possession, care, custody, or control concerning any insurance agreements under which any person or entity carrying on an insurance business may be liable to satisfy part, or all, or any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy such judgment."

In other words, Plainitff was seeking to discover what, if any, liability insurance policies Defendant possessed, along with the coverage limits on those policies. Defendant refused to provide the requested information, citing that the policies were not discoverable under Rule 26.02 of the Tennessee Rules of Civil Procedure.

Following the Defendant's refusal to provide the insurance information, Plainitiff filed a motion to compel the discovery of the Defendant's liability insurance. In support of its motion, Plaintiff cited a memorandum opinion from the Fifth Circuit Court for Davidson County. See Sharon D. Greene, et al. v. Nashville Otolaryngology Consultants, et al., No. 95C-3947*. The memorandum opinion held that Rule 26 did allow for discovery of insurance information as long as the information was either relevant or reasonably calculated to lead to the discovery of relevant or admissible evidence. In sum, the opinion stated that liability insurance information did fall within the ambit of Rule 26.02. Defendant reargued its position that liability insurance policies fell outside the scope of Rule 26.02, and therefore were not subject to discovery. Following oral argument on Plaintiff's motion, the trial court ordered that Defendant produce the requested documents.[2]

Defendant filed an application for interlocutory appeal that was granted by the trial court and this court. On appeal, Defendant asserts that the trial court erred in holding that Defendant's liability insurance policy is within the scope of discovery as defined by Rule 26.02 of the Tennessee Rules of Civil Procedure.

**Analysis**

The single issue before the court on appeal is whether or not the liability insurance

---

[2]In its order, the trial court cited and incorporated by reference the memorandum opinion from the Fifth Circuit Court of Davidson County.

policy held by Defendant is discoverable under Rule 26.02. For the following reasons we find that it is not. Accordingly, the trial court erred in granting Plaintiff's motion to compel discovery of the information.

In the proceeding below, Plaintiff relied solely on the memorandum opinion from Sharon D. Greene, et al. v. Nashville Otolaryngology Consultants, et al. to support the idea that insurance information falls within the ambit of discovery allowed under Rule 26. Without addressing the merits of the Greene opinion, we find it appropriate to note that we are unpersuaded by the reasoning put forth in the underlying opinion. Therefore, we find that it does not present adequate support for Plaintiff's motion. We now turn our attention to Rule 26.02 itself.

## A. Function of Rule 26.02

As a preliminary matter, it is appropriate to discuss the role and function of the Tennessee Rules of Civil Procedure. In general, the Tennessee Rules of Civil Procedure carry the same weight and effect as any other law promulgated by the State. As stated in Vaughn, "they [the Tennessee Rules of Procedure] are 'laws' of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by this Court and adopted by the General Assembly." Dept. of Human Serv. v. Vaughn, 595 S.W.2d 62, at 63 (Tenn. 1980). Likewise, when determining the application of the rules, the power of the Court is limited to that of interpreter and the Court cannot interpret a rule in such a way that would make the rule broader or more narrow than intended. See Roseman v. Roseman, 890 S.W.2d 27, 29 (Tenn. 1994); Lyons v. Rasar. 872 S.W.2d 895, 897 (Tenn. 1994). As in statutory construction, the Court's interpretation must give effect to the "plain meaning" of the words used absent some contradiction or ambiguity in the language of the rule. See Heiskell v. Lowe, 153 S.W. 284, 290 (Tenn. 1912); Austin v. Memphis Publishing Co., 655 S.W.2d 146, 148 (Tenn. 1983).

With this background in mind, we now turn to the text of Rule 26.02. This rule allows for the discovery of "relevant information" or information that is "reasonably calculated to lead to the discovery of admissible evidence." We find no inherent ambiguity or contradiction presented by this language. Therefore, the Court is limited to the plain meaning of the words used. Accordingly, discovery is limited to either relevant information or information that will lead to admissible evidence.

"Relevant" information under Rule 26.02 is information that is relevant to the subject matter of the litigation. In this case, the existence and monetary limits of any liability insurance policy does not relate to the subject matter in the underlying case, namely the actual accident. The second prong of 26.02 allows for discovery of information that will lead to admissible evidence. Again, the existence and limitations of Defendant's insurance policy does not fit within this prong. Insurance information is not generally admissible, and there is no logical connection between the information and the discovery of any admissible evidence. See Crowe v. Provost, 374 S.W.2d 645, 653 (Tenn. Ct. App. 1963); Puckett v. Broome, 385 S.W.2d 762, 769-770 (Tenn. Ct. App. 1964). Therefore, discovery of the Defendant's liability insurance does not fall within the scope of Rule 26.02.

## B. Legislative History of Rule 26.02

On appeal, Plaintiff argues that Rule 26.02 of the Tennessee Rules of Civil Procedure should be interpreted as allowing discovery of Defendant's liability insurance. Plaintiff bases this argument on the analogous Rule 26 of the Federal Rules of Civil Procedure which has been interpreted to allow discovery of such information. See Rule 26(b)(2) FED. R. CIV. P. While the Tennessee rule was initially modeled after the federal rule, we do not believe that the current Tennessee rule mirrors the development of the federal rule.

The federal rule in question was amended to allow discovery of liability insurance information in 1970. See Rule 26(b)(2); Rule 26(a)(1)(D) FED. R. CIV. P. The majority of states applied a similar interpretation or adopted a comparable amendment during the following years. Such an amendment or interpretation was *not* adopted in Tennessee. On the contrary, several amendments that would allow such extensive discovery were proposed and rejected. Among these proposed amendments were specific attempts to allow for the discovery of liability insurance policies.[3] None of these attempts were successful. Baker v. Promark Products West, Inc., 692 S.W.2d 844, 847 (Tenn. 1985) (in construing an issue, the Court can consider the General Assembly's rejection of a proposed amendment as well as the amendment's legislative history). Therefore, we find that Rule 26.02 of the Tennessee Rules of Civil Procedure is in no way affected by the interpretation of Rule 26 of the Federal Rules of Civil Procedure.

---

[3]Between 1974 and 1990, the Tennessee General Assembly considered several House and Senate Bills that would have allowed for discovery of liability insurance information. None of the proposed bills were accepted and implemented. See legislative history House Bill 1453 (1975); Senate Bill 1301 (1975); H.J.R. 34 (1976); Tennessee State Library and Archives, Tape #S-59, (Feb. 26, 1976); House Bill 60 (1977), Senate Bill 118 (1977); Senate Bill 24 (1979); Senate Bill 284 (1987); House Bill 2214 (1990); Senate Bill 1827 (1990).

### C. Case law

In our review of this case, we take note of Plaintiff's argument and supporting case law. While Plaintiff undoubtedly presents a well-researched and articulated argument, it is an argument based almost exclusively on case law and rules from other jurisdictions. The Court is not adverse to such authorities but we are less inclined to follow the precedents of other jurisdictions when the issue involves construction of a Tennessee rule of procedure..

Admittedly, the question at issue in this case has not been addressed by our Court since the adoption of the Tennessee Rules of Civil Procedure.[4] However, prior to the adoption of these rules, the discoverability of liability insurance policies was addressed by the Tennessee Court of Appeals. Crowe v. Provost 374 S.W.2d 645 (Tenn. Ct. App. 1963). In Crowe, a medical malpractice case, the Court barred discovery of the doctor's liability insurance policy because the policy was "a privileged matter; and, of course, not relevant to the issues in the case." Crowe at 653.

With Crowe in mind, we hold that as stated above, the function and history of Rule 26.02 leave little doubt as to how the rule should be interpreted. Discovery of liability insurance information is not within the scope of discovery as defined by Rule 26.02.[5] Accordingly, the trial court erred in granting Plaintiff's motion to compel discovery of Defendant's liability insurance policy.

### Conclusion

Based upon the foregoing, the trial court is reversed and Plaintiff's motion to compel production is denied. This case is remanded to the trial court for further proceedings consistent with this holding. Costs of the appeal are assessed to the appellees, Johnny Ray Baker, Sr., et al., for which execution may issue if necessary.

---

[4]The Tennessee Rules of Civil Procedure were adopted in 1971.

[5]We find it unnecessary to address the parties' remaining arguments regarding the effect of discovery on the settlement of cases and whether an insurance carrier is a "real party in interest."

_____
HIGHERS, J.

CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
FARMER, J.